```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF IOWA
                        CENTRAL DIVISION

FARM & RANCH SERVICES, LTD.,    )
A Texas Limited Partnership,    )
                                )   No. 4:08-cv-00239-JAJ-RAW
     Plaintiff/Counterclaim     )
     Defendant,                 )
                                )
vs.                             )   REPORT AND RECOMMENDATION
                                )   CONCERNING FARM & RANCH
BRUCE RAY TRIPP, JR., TIMOTHY   )   SERVICES, LTD.'S
ALLEN LEE, U.S. DEPT. OF        )   MOTION FOR FINAL DEFAULT
AGRICULTURE,                    )   AGAINST DEFENDANT TIMOTHY
                                )   ALLEN LEE
     Defendants,                )
                                )
and LT FARM & RANCH, LLC,       )
                                )
     Defendant/Counterclaim     )
     Plaintiff.                 )
```

The above motion, as amended, [43] [46], has been referred to the undersigned for report and recommendation. 28 U.S.C. § 636(b)(1)(B). This action was originally filed in the Northern District of Texas. It involves two contracts assigning the right to receive payments from the government under the CRP program. Defendant LT Farm & Ranch, LLC, is an Iowa limited liability company. Defendants Tripp and Lee were LT Farm organizers or members. Tripp and Lee are citizens of North Carolina. LT Farm owned farm ground in Taylor County, Iowa. The complaint alleges that by contracts dated December 8, 2000 and April 10, 2001 LT Farm assigned its rights to receive CRP payments to the First National Bank of O'Donnell, Texas. Plaintiff Farm & Ranch now owns the contracts. Payment of the CRP money to Farm & Ranch ceased in 2004 and LT Farm, Tripp and Lee have allegedly refused to sign

documentation which would allow the continuation of payments to Farm & Ranch. As a result, the Farm Security Administration ("FSA") is currently holding in suspense about $109,000 (though it appears the current amount may be somewhat less) in CRP money.

Farm & Ranch brings causes of action for breach of contract, *quantum meruit*, fraud, tortious interference, promissory estoppel and declaratory judgment. Except for the breach of contract claim, which is exclusively against LT Farm, the other claims are against LT Farm, Lee and Tripp.[1] Farm & Ranch seeks damages and a declaration that it is entitled to receive the CRP money, including that being held by the FSA. Except for the contract claim, the complaint would impose joint and several liability on LT Farm, Lee and Tripp for the damages claimed.

Defendant Lee did not answer and default was entered against him in the Northern District of Texas. LT Farm and Tripp filed a motion to dismiss or alternatively to transfer venue. By order entered November 20, 2008 the Texas court denied the motion to dismiss, but granted the motion to transfer and the case was transferred to this district.

On December 15, 2008 Tripp and LT Farm filed their answer and affirmative defenses to the complaint, and a counterclaim. In brief, LT Farm and Tripp contend the contracts assigning the CRP

---

[1] The Secretary of Agriculture is named as a defendant only as a stakeholder. No damages are claimed against the government.

payments are unenforceable under Iowa law and they seek rescission of them. They claim damages for, or restitution of, CRP monies paid under the contracts and it is evident contend they are entitled to the CRP money being held by the FSA.

Farm & Ranch's motion for default judgment against Lee was filed in this Court on April 29, 2009. The amount of the default judgment sought against Lee is the amount of the CRP money being held by the FSA plus attorney fees. The Clerk of this Court entered default against Lee on April 30, 2009. As noted, the motion for default judgment was referred to me for report and recommendation. On July 13, 2009 LT Farm and Tripp filed an objection to entry of the proposed default judgment against Lee. In addition to arguing entry of default judgment should abide determination of the claims between the parties not in default, LT Farm and Tripp asserted that the funds held by the FSA include CRP money which was not assigned.

Telephonic status conference with counsel was held on August 11, 2009. At the status conference I raised concerns about the entry of a default judgment at this time. The recommendation below is the upshot of that discussion.

As noted, beyond the contract claim defendants LT Farm, Lee and Tripp may be jointly and severally liable for the damages claimed. Farm & Ranch on the one hand, and Tripp and LT Farm on the other, have competing claims to the money held by FSA. A default

3

judgment in the amount of the money held by FSA would implicitly recognize the entitlement of Farm & Ranch to the money. Moreover, LT Farm and Tripp contend that even if the assignments are valid, not all of the money in FSA's hands is subject to them. Entry of the requested default judgment thus risks inconsistent determinations of damages and entitlement to the money held by the FSA between the defaulting defendant and the defendants not in default.

> In similar circumstances the Eighth Circuit has said:
>
> When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved. This is not because the nondefaulters would be bound by the damage determination against the defaulters, but to avoid the problems of dealing with inconsistent damage determinations against jointly and severally liable defendants.

*Pfanenstiel Architects v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992); *see United States v. Henchen*, 2008 WL 2954759, *3 (D. Minn. 2008). The Eighth Circuit's approach is in accord with that favored by two of the principal commentators on the federal rules. *See* 10 *Moore's Federal Practice* § 55.36[4] at 55-71 (3d ed. 2009)(where "[s]eparate adjudications could result in different damages awards against defendants who are jointly liable . . . rather than proceed to a final judgment against the defaulting

defendants under Rule 54(b), the court should postpone the damages hearing for the defaulting defendants until the liability of the other defendants has been resolved"); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 3d* § 2690 ("As a general rule . . . when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."). The possibility of inconsistent damages determinations among jointly and severally liable defendants presents "just reason" to delay entry of judgment against a single defaulting defendant in a multi-defendant case. Fed. R. Civ. P. 54(b)(Court may direct final judgment as to fewer than all the parties "only if the court expressly determines that there is no just reason for delay.").

Following the preferred practice in the multiple defendant situation here, I **RECOMMEND** that the motion for final default judgment against defendant Lee [43] [46] be denied without prejudice to renewal at the time plaintiff's claims against the nondefaulting defendants is resolved.

IT IS ORDERED that the parties shall have until **September 8, 2009** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Wade for Robinson v. Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must

identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. See Fed. R. Civ. P. 72; Thompson, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of plaintiff's right to appeal questions of fact. Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); Thompson, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 18th day of August, 2009.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE