IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

```
FARM & RANCH SERVICES, LTD.,       )
A Texas Limited Partnership,       )
                                   )    NO. 4:08-cv-00239-RAW
     Plaintiff/Counter-claim       )
     Defendant,                    )
                                   )    RULING ON PLAINTIFF'S
vs.                                )    MOTION FOR SUBSTITUTION
                                   )    OF PARTIES
BRUCE RAY TRIPP, JR.,              )
TIMOTHY ALLEN LEE,                 )
U.S. DEPT. OF AGRICULTURE,         )
                                   )
     Defendants,                   )
                                   )
and LT FARM & RANCH, LLC,          )
                                   )
     Defendant/Counter-claim       )
     Plaintiff.                    )
-----------------------------------)
LT FARM & RANCH, LLC,              )
                                   )
     Cross-claim Plaintiff,        )
                                   )
vs.                                )
                                   )
U.S. DEPT. OF AGRICULTURE,         )
                                   )
     Cross-claim Defendant.        )
```

The above resisted motion [68] is before the Court. It is based on an assignment, attached to the motion, by Farm & Ranch Services, Ltd. ("Farm & Ranch") to The Texas Independent Bankersbank ("TIB") of all of Farm & Ranch's right to receive payments under the contracts in dispute in this case as well as Farm & Ranch's right to receive any damages in this lawsuit. LT Farm & Ranch LLC ("LT") resists, questioning Farm & Ranch's right to the contracts and noting that it has counterclaims against Farm

& Ranch. In reply, Farm & Ranch does not take issue with many of LT's objections to substitution under Fed. R. Civ. P. 25. Its counsel, who apparently will also represent TIB, ask that Farm & Ranch's motion now be considered one to permit intervention by TIB under Fed. R. Civ. P. 24 as LT's resistance seemed to suggest might be proper. (LT Obj. to Substitution [70] at 4). Though not brought in the name of TIB, the Court will assume counsel is acting for TIB in seeking permission for it to intervene. LT now also resists intervention. (LT Obj. to Substitution [72]).

For the reasons given by LT, the Court will not order substitution of TIB as plaintiff. However, TIB should be permitted to intervene as of right under Fed. R. Civ. P. 24(a)(2). A party is entitled to intervene of right if the party "(1) . . . has a cognizable interest in the subject matter of the litigation, (2) the interest may be impaired as a result of the litigation, and (3) the interest is not adequately protected by the existing parties to the litigation." *Medical Liability Mut. Ins. Co. v. Allen Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007); *see U.S. v. Metropolitan St. Louis Sewer Dist.*, 569 F.3d 829, 838-39 (8th Cir. 2009). "Rule 24 is to be construed liberally, and doubts resolved in favor of the proposed intervenor." *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999); *see South Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003)(citing *Turn Key*). As alleged assignee of Farm & Ranch's

claims and the contract payments at issue in this case TIB has the requisite direct, legally protectable interest in the subject matter of this litigation. *Metropolitan Sewer Dist.*, 569 F.3d at 839; *Medical Liability*, 485 F.3d at 1008 (quoting *United States v. Union Elec. Co.*, 64 F.3d 1152, 1161 (8th Cir. 1995)). Its interest is more than the mere economic interest of a creditor. As the alleged owner of the claims being litigated it is clear TIB's interest may be impaired or impeded in its absence. The showing required to satisfy the last element, inadequate protection of TIB's interest by Farm & Ranch, imposes only a minimal burden. *Little Rock School District v. North Little Rock School District*, 378 F.3d 774, 780 (8th Cir. 2004). That minimal burden is satisfied here. If the alleged assignment is indeed a complete assignment of Farm & Ranch's interest in this litigation, Farm & Ranch may no longer be the real party in interest on its claims and may therefore lack any motivation, indeed ability, to vigorously litigate. The affidavit of Mr. Mark Green attached to the present motion as Exhibit 1 provides reason to believe that Farm & Ranch may also lack the resources to go forward which is why TIB is interested in appearing in its stead.

Defendants contend they will be prejudiced by allowing a new party to intervene at this stage of the litigation, but bench trial is over nine months away and as alleged assignee TIB takes Farm & Ranch's claims subject to LT's defenses. TIB's participation

should not add to the factual background and it is best to join all who claim an ownership interest in the contracts at issue so the complete adjudication of the right to the contract payments may be accomplished.

In one respect Farm & Ranch's motion, viewed as a motion to intervene, is insufficient. TIB has not submitted a proposed complaint in intervention as required by Fed. R. Civ. P. 24(c). In order to avoid further delay, the Court will grant TIB leave to intervene provisionally, subject to the filing and review by the Court, of a complaint in intervention. Said complaint will be filed within fourteen (14) days of the date hereof.

Motion for substitution [70] **denied**. Alternatively, viewing the motion as a motion to intervene by TIB, the motion is **granted** provisionally as above. TIB may intervene as a party-plaintiff by filing its complaint in intervention within the time permitted above.

IT IS SO ORDERED.

Dated this 16th day of February, 2010.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE